UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

*DOCUMENT ELECTRONICALLY FILED*

| | |
|---|---|
| In Re: PAR PHARMACEUTICAL SECURITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS. | **Master File No:**<br>**2:06-cv-03226 (PGS - ES)**<br><br>**CLASS ACTION** |

**NOTICE OF DEFENDANTS' MOTION
TO DISMISS LEAD PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT**

PLEASE TAKE NOTICE THAT, on a Motion Day to be determined by this Court in accordance with the Stipulation and Order, entered August 8, 2008, Defendants Par Pharmaceutical Companies, Inc. ("Par"), Kenneth I. Sawyer ("Sawyer"), Dennis J. O'Connor ("O'Connor"), and Scott L. Tarriff ("Tarriff") (collectively, "Defendants")[1] shall move this Court for an Order dismissing Lead Plaintiffs' ("Plaintiffs") Second Consolidated Amended Complaint ("Second Complaint") for failure to plead with particularity pursuant to Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), and for failure to state a

---

[1] In their First Complaint, Plaintiffs named Mark Auerbach as an individual defendant in this action. In the Second Complaint, Plaintiffs have dropped any claims against Mark Auerbach. Accordingly, in this motion Sawyer, O'Connor, and Tarriff are collectively referred to herein as the "Individual Defendants."

claim pursuant to Rule 12(b)(6). More specifically, Plaintiffs' Second Complaint should be dismissed because: (1) Plaintiffs have failed to adequately allege a cogent or compelling inference of scienter as to each of the Defendants, as required by the PSLRA; (2) Plaintiffs have failed to adequately plead loss causation; (3) many of the alleged misstatements are true, mere puffery, or forward looking statements; and (4) Plaintiffs have failed to plead control person liability because they fail to allege culpable participation by any of the Individual Defendants. Indeed, the Second Complaint is devoid of any individualized allegations, and, instead, pleads that all of the Defendants' "must have known" of the "fraud." Such allegations do not state a claim as a matter of law.

For these reasons and for all the reasons detailed in Defendants' Memorandum of Law in Support of their Motion to Dismiss the Second Complaint With Prejudice, and in the Declarations of Richard A. Edlin in support thereof, the Second Complaint must be dismissed in its entirety.

DATED: September 17, 2008    **GREENBERG TRAURIG, LLP**

                                                 By: /s/ Richard A. Edlin
                                                     Richard A. Edlin
                                                     Eric S. Aronson
                                                     Ronald D. Lefton (admitted *pro hac vice*)
                                                     Toby S. Soli (admitted *pro hac vice*)
                                      200 Park Avenue, P.O. Box 677
                                      Florham Park, NJ 07932-0677
                                      Telephone: (973) 360-7900
                                      Facsimile: (973) 301-8410

edlinr@gtlaw.com
aronsone@gtlaw.com

-and-

200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
leftonr@gtlaw.com
solit@gtlaw.com

*Attorneys for Defendants Par Pharmaceutical Companies, Inc., Kenneth Sawyer, and Dennis J. O'Connor*


**PEPPER HAMILTON LLP**


By: /s/ Frank C. Razzano
    Frank C. Razzano (admitted in New Jersey)
600 14th Street, NW
Suite 500
Washington, DC 20005
Telephone: (202) 220-1286
Facsimile: (202) 202-1665

*Attorneys for Defendant Scott L. Tarriff*

3