# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: PAR PHARMACEUTICAL SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br>ALL ACTIONS. | **Master File No:**<br>**2:06-cv-03226 (PGS - ES)**<br><br>**<u>CLASS ACTION</u>**<br>**ANSWER OF DEFENDANT**<br>**SCOTT TARRIFF TO SECOND**<br>**AMENDED CONSOLIDATED**<br>**COMPLAINT** |

Defendant Scott Tarriff, ("Defendant" or "Tarriff") by his attorneys, Pepper Hamilton LLP, for his answer to the Second Consolidated Amended Complaint ("SAC") of Lead Plaintiffs Snow Capital Investment Partners and WR Capital Management, LP (collectively "Plaintiffs") alleges as follows[*]:

The SAC includes a table of contents, headings, and an introductory paragraph, each of which contain conclusions or facts suggestive of wrongdoing which Defendant denies, except Defendant denies having knowledge or information sufficient to form a belief as to what information Plaintiffs' allegations are based upon, and specifically denies that Plaintiffs have a good faith basis for their allegations to the extent based on certain "confidential informants."

---

[*] The headings referenced herein are from the SAC and are replicated here for easy reference in comparing this Answer to the SAC. Defendant denies all references and factual allegations contained in those headings.

## NATURE OF THE ACTION

1.    Paragraph 1 of the SAC states a legal conclusion which is denied.

2.    Denies the allegations contained in paragraph 2 of the SAC, except admits that on July 5, 2006, Par issued a press release that it would restate its financial results for certain prior reporting periods (the "press release"), to which Defendant Tarriff respectfully refers the court for a complete statement of its content and context.

3.    Denies the allegations contained in paragraph 3 of the SAC.

4.    Denies the allegations contained in paragraph 4 of the SAC, except admits that on July 5, 2006 Par issued a press release announcing a restatement of financial results for certain prior periods and respectfully refers the Court to said press release for a complete statement of its contents and context.

5.    Denies the allegations contained in paragraph 5 of the SAC and, respectfully refers the Court to the publically published and available quotations for a complete statement of Par's price and trading volume in the period after the July 5, 2006 press release was issued.

6.    Admits the allegations contained in paragraph 6 of the SAC and, affirmatively avers that although the Securities & Exchange Commission ("SEC") commenced an investigation it never requested an interview or testimony from

Defendant Tarriff and no enforcement action has been commenced, nor has Tarriff been advised one is contemplated.

7.      Admits the allegations contained in paragraph 7 of the SAC.

8.      Denies the allegations contained in paragraph 8 of the SAC, except admits that on December 14, 2006 Par made an announcement, and respectfully refers the Court to Par's December 14, 2006 announcement for a complete statement of its content and context.

9.      Denies the allegations contained in paragraph 9 of the SAC, except admits on March 13, 2007 and July 10, 2007 Par filed certain amendments to previously filed annual and quarterly SEC filings, and respectfully refers the Court to said amendments for a complete statement of their contents.

10.     Denies the allegations contained in paragraph 10 of the SAC, except admits that certain Par executives, including Defendant Tarriff, sold certain of their holdings of Par stock, and that Par registered shares of stock acquired  by certain institutional investors in a private placement, and that Par issued certain debt securities to the public.

<u>JURISDICTION AND VENUE</u>

11.     Paragraph 11 of the SAC states a legal conclusion which is denied.

12.     Paragraph 12 of the SAC states a legal conclusion which is denied.

13.     Paragraph 13 of the SAC states a legal conclusion which is denied.

#11612283 v1

14.     Paragraph 14 of the SAC states a legal conclusion which is denied.

### PARTIES

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the SAC, except admits that the Court issued an order on November 15, 2006, and Lead Plaintiffs filed a certification with this Court, the contents of which speak for themselves.

16.     Admits the allegations contained in paragraph 16 of the SAC.

17.     (a)     Admits the allegations contained in paragraph 17(a) of the SAC and, states that by reason of the Court's order entered September 30, 2009, Kenneth Sawyer is no longer a defendant in this action.

17.     (b)     Denies the allegations contained in paragraph 17(b) of the SAC, except admits that between September 2003 and September 2006, Scott Tarriff served as Par's President and Chief Executive Officer and, previously, served as Executive Vice President of Par.

17.     (c)     Denies the allegations contained in paragraph 17(c) of the SAC, except admits that Dennis J. O'Conner was Par's Vice President and Chief Financial Officer from 1996 until his resignation in March 2006.

17.     (d)     Paragraph 17(d) contains no factual allegation and, as such, no response is required to subparagraph 17(d), to the extent a response is required, Defendant Tarriff denies the allegations of subparagraph 17(d).

-4-

18.     Denies the allegations contained in paragraph 18 of the SAC, except admits that during his employment by Par, Defendant Tarriff had access to some confidential and proprietary information.

19.     Denies the allegations contained in paragraph 19 of the SAC.

20.     Paragraph 20 states conclusions of law which are denied.

21.     Denies the allegations contained in paragraph 21 of the SAC.

22.     Denies the allegations contained in paragraph 22 of the SAC.

23.     Denies the allegations contained in paragraph 23 of the SAC.

<u>PLAINTIFFS' CLASS ACTION ALLEGATIONS</u>

24.     Paragraph 24 of the SAC states legal conclusions which are denied.

25.     Denies the allegations contained in paragraph 25 of the SAC.

26.     Denies the allegations contained in paragraph 26 of the SAC.

27.     Denies  the allegations contained in paragraph 27 of the SAC.

28.     Denies the allegations contained in paragraph 28 of the SAC.

29.     Denies the allegations contained in paragraph 29 of the SAC.

SUBSTANTIVE ALLEGATIONS
<u>THE COMPANY AND ITS BUSINESS</u>

30.     Admits the allegations contained in paragraph 30 of the SAC.

31.     Denies the allegations contained in paragraph 31 of the SAC, except admits that as reported in Par's regular filings with the SEC, a substantial portion

#11612283 v1

of Par's sales were made to customers including, but not limited to, Cardinal,

McKesson Drug Co., and Amerisource Bergen Corporation.

**PAR'S FINANCIAL REPORTING DURING THE
CLASS PERIOD WAS MATERIALLY FALSE
AND MISLEADING AND VIOLATED GAAP**

32.    Denies the allegations contained in paragraph 32 of the SAC, except

admits that Par reported that its financial statements were prepared in accordance

with Generally Accepted Accounting Principles.

33.    Denies the allegations contained in paragraph 33 of the SAC, except

admits that (i) on July 5, 2006 Par issued a press release, and (ii) in March 2007

Par filed an Amended 10K for the year ended December 31, 2005 ("Amended

2005 10k"); and Defendant Tarriff respectfully refers the Court to said press

release and amended 10K for a complete statement of their content and context.

34.    Denies the allegations contained in paragraph 34 of the SAC.

**PAR'S ADMISSION THAT ITS
FINANCIAL REPORTING DURING THE
CLASS PERIOD WAS MATERIALLY
FALSE AND MISLEADING**

35.    Denies the allegations contained in paragraph 35 of the SAC, and

respectfully refers the Court to the July 5, 2006 press release for a complete

statement of its content and context.

36.    Denies the allegations contained in paragraph 36 of the SAC, and

respectfully refers the Court to the publically published and available quotations

#11612283 v1

for a complete statement of Par's price and trading volume in the period after the July 5, 2006 press release was issued.

37.    Denies the allegations contained in paragraph 37 of the SAC, and respectfully refers the Court to Par's December 14, 2006 press release for a complete statement of its contents and context.

38.    Denies the allegations contained in paragraph 38 of the SAC, and respectfully refers the Court to Par's Amended 2005 for a complete statement of its contents and context.

39.    Denies the allegations contained in paragraph 39 of the SAC, and respectfully refers the Court to Par's year-end financial statements for 2003, 2004 and 2005, and any amendments thereto, for a complete statement of their content and context.

PAR'S ADMISSION THAT ITS
FINANCIAL MISSTATEMENTS
<u>DURING THE CLASS PERIOD WERE MATERIAL</u>

40.    Denies the allegations contained in paragraph 40 of the SAC, except admits that Par has restated its year end financial statements for 2003, 2004 and 2005, and respectfully refers the Court to the Amended 2005 10-K for a complete statement of its content and context.

41.    Denies the allegations contained in paragraph 41 of the SAC, except admits that Par has restated its year end financial statements for 2003, 2004 and

2005, and Par respectfully refers the Court to the Amended 2005 10-K for a complete statement of its content and context.

42.    Denies the allegations contained in paragraph 42 of the SAC, except admits that Par has restated its year end financial statements for 2003, 2004 and 2005, and Par respectfully refers the Court to the Amended 2005 10-K for said restatement.

43.    Denies the allegations contained in paragraph 43 of the SAC.

**PAR'S FINANCIAL MISSTATEMENTS
WERE THE RESULT OF INTENTIONAL
OR RECKLESS CONDUCT**

44.    Denies the allegations contained in paragraph 44 of the SAC, except admits that Par's Audit Committee hired independent counsel to conduct an internal investigation, which Committee concluded that there was no wrongdoing.

45.    Denies the allegations contained in paragraph 45 of the SAC.

46.    Denies the allegations contained in paragraph 46 of the SAC, except admits that the Audit Committee concluded that the financial misstatements were inadvertent.

#11612283 v1

## PAR'S OVERSTATEMENT OF EARNINGS
## <u>DURING THE CLASS PERIOD WAS NOT INADVERTENT</u>

47.    Denies the allegations of paragraph 47 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' investigation.

## LEAD PLAINTIFFS' INVESTIGATION
## REVEALS MANIPULATION OF PAR'S REPORTED
## <u>REVENUES AND ACCOUNTS RECEIVABLE RESERVE</u>

48.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the SAC.

49.    Denies the allegations contained in paragraph 49 of the SAC, except admits that as sales revenue significantly increased Par sought to improve its accounting systems, including how it tracked sales.

50.    Denies the allegations contained in paragraph 50 of the SAC, except admits that Par sought to develop a GTN application, which was not functionally operational or reliable, and could not be implemented at any time during the alleged class period.

51.    Denies the allegations contained in paragraph 51 of the SAC.

52.    Denies the allegations contained in paragraph 52 of the SAC, except denies having knowledge or information sufficient to form a belief as to the truth of the alleged statements attributed to CI1 and CI2 contained in paragraph 52 of the SAC.

#11612283 v1

53.    Denies the allegations contained in paragraph 53 of the SAC, except admits that in December 2004 Par continued to track sales, adjustments and credits with, among other things, an Excel program, and further admits that certain customers had the ability to communicate information to Par about orders electronically.

54.    Denies the allegations contained in paragraph 54 of the SAC, except denies having knowledge or information sufficient to form a belief as to the truth of the alleged statements attributed to CI1 and CI2 contained in paragraph 54 of the SAC.

55.    Denies the allegations contained in paragraph 55 of the SAC, except admits that price protection adjustments were done manually at the end of a period, and that Mr. Schott reported to Mr. O'Connor.

56.    Denies the allegations contained in paragraph 56 of the SAC, except denies knowledge or information sufficient to form a belief as to what CI2 thought or asked Pepe and Schott and what they replied.

57.    Denies the allegations contained in paragraph 57 of the SAC, except denies knowledge or information sufficient to form a belief as to what CI2 said.

58.    Denies the allegations of paragraph 58 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what CI2 believed, attempted or did.

59.    Denies the allegations of paragraph 59 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what CI2 stated, believed or did as to Pepe and Schott's state of mind.

60.    Denies the allegations of paragraph 60 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding CI2 beliefs and speculations.

61.    Denies the allegations of paragraph 61 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements, beliefs, speculation and activities of CI1 and CI2 and affirmatively avers that in December 2004 the "GTN" was not functionally operational or reliable and could not be implemented.

62.    Denies the allegations of paragraph 62 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what CI1 and CI3 stated, explained or confirmed.

## DEFENDANTS' KNOWING FAILURE TO WRITE-OFF OBSOLETE INVENTORY

63.    Denies the allegations of paragraph 63 of the SAC, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements attributed to CI4, CI5, C16, CI7 and, CI8, contained in paragraph 63 of the SAC.

#11612283 v1

64.     Denies the allegations of paragraph 64 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements attributed to CI1, but admits that in an effort to improve its systems Par sought to implement certain J. D. Edwards software applications.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the SAC.

66.     Denies the allegations of paragraph 66 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements or activities of CI1, CI4 and CI5, but admits that there were difficulties implementing the J. D. Edwards conversion.

67.     Denies the allegations in paragraph 67 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements or activities attributed to former employees.

68.     Denies the allegations of paragraph 68 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements or activities attributed to the CI5 and CI6.

69.     Denies the allegations of paragraph 69 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements and activities attributed to CI4, CI5 and CI6, but admits that Par endeavored to have sufficient inventory to meet anticipated demand.

70.    Denies the allegations of paragraph 70 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements and activities attributed to CI6.

71.    Denies the allegations of paragraph 71 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements and activities attributed to CI6 but, admits that Par endeavored to track finished goods in connection with, *inter alia*, applicable expiration dates.

72.    Denies the allegations of paragraph 72 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements and activities attributed to CI4, CI6 and CI7, but admits that Par endeavored to track finished goods in connection with, *inter alia*, applicable expiration dates.

73.    Denies the allegation of paragraph 73 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements and activities attributed to CI7.

74.    Denies the allegations of paragraph 74, except denies knowledge or information sufficient to form a belief as to the truth of the statements and activities attributed to CI5.

75.    Denies the allegations of paragraph 75 of the SAC, except denies knowledge or information sufficient to form a belief as to the statements and

#11612283 v1

activities attributed to CI5, but admits that Par sold the generic product Buspirone, that its launch was delayed, and that delays were incurred in connection with packet inserts for the product Ribavirin.

76.     Denies the allegations of paragraph 76 of the SAC, except admits that on occasion Tariff received inventory reports.

77.     Denies the allegations of paragraph 77 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the statements and activities of CI5.

78.     Denies the allegations contained in paragraph 78 of the SAC, except admits, that a portion of Par's restatement of certain of its financial statements pertained to corrections of inventory valuations, and respectfully refer the Court to the restatement as contained in the Amended 2005 10-K for a complete statement of its contents and context.

79.     Denies the allegations contained in paragraph 79 of the SAC, except admits that a portion of Par's restatement of certain of its financial statements pertain to issues of account receivable reserves, and respectfully refer the Court to Par's Amended 2005 10-K for a complete statement of the reasons, terms, and context of the restatement.

80.     Denies the allegations contained in paragraph 80 of the SAC.

## MATERIALLY FALSE AND MISLEADING
## STATEMENTS ISSUED DURING THE CLASS PERIOD

81.    Denies the allegations contained in paragraph 81 of the SAC, and respectfully refers the Court to the July 23, 2001 press release for a complete statement of its contents and context.

82.    Denies the allegations contained in paragraph 82 of the SAC and respectfully refers the Court to the 10-Q filed on August 14, 2001 for the quarter ended June 30, 2001, for a complete statement of its contents and context.

83.    Denies the allegations contained in paragraph 83 of the SAC.

84.    Denies the allegations contained in paragraph 84 of the SAC, except admits that Merck KGaA and certain of its affiliates ("Merck") sold approximately 13,634,012 shares of Par common stock in a private placement which was accompanied by an S-3 registration statement filed by Par and amended on or about September 5, 2001.

85.    Denies the allegations contained in paragraph 85 of the SAC, and respectfully refers the Court to the 10-K filed by Par for the year ended December 31, 2008 for a complete statement of its contents and context.

86.    Denies the allegations contained in paragraph 86 of the SAC.

87.    Denies the allegations contained in paragraph 87 of the SAC, and respectfully refers the Court to the October 25, 2001 press release for a complete statement of its contents and context.

-15-

88.    Denies the allegations contained in paragraph 88 of the SAC, and respectfully refers the Court to the 10-Q filed by Par on or about November 13, 2001 for a complete statement of its contents and context.

89.    Denies the allegations contained in paragraph 89 of the SAC.

90.    Denies the allegations of paragraph 90 of the SAC, and respectfully refers the Court to the referenced Form S-3 and the documents incorporated by reference therein for a complete statement of their contents and context.

91.    Denies the allegations contained in paragraph 91 of the SAC, and respectfully refers the Court to Form 10-K for the year ended December 31, 2001 for a complete statement of its content and context.

92.    Denies the allegations contained in paragraph 92 of the SAC, and respectfully refers the Court to the press release issued by Par on or about April 1, 2000 for a complete statement of its contents and context.

93.    Denies the allegations contained in paragraph 93 of the SAC, and respectfully refers the Court to the Form 10-K filed by Par for the year ended December 31, 2001 for a complete statement of its contents and context.

94.    Denies the allegations contained in paragraph 94 of the SAC.

95.    Denies the allegations contained in paragraph 95 of the SAC, and respectfully refers the Court to the press release issued by Par on or about April 25, 2002 for a complete statement of its contents and context.

#11612283 v1

96.     Denies the allegations contained in paragraph 96 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended March 31, 2002 for a complete statement of its contents and context.

97.     Denies the allegations contained in paragraph 97 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended March 31, 2002 for a complete statement of its contents and context.

98.     Denies the allegations contained in paragraph 98 of the SAC, and respectfully refers the Court to the press release issued by Par on or about July 25, 2002 for a complete statement of its contents and context.

99.     Denies the allegations contained in paragraph 99 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended June 30, 2002 for a complete statement of its contents and context.

100.    Denies the allegations contained in paragraph 100 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended June 30, 2002 for a complete statement of its contents and context.

101.    Denies the allegations contained in paragraph 101 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended June 30, 2002 for a complete statement of its contents and context.

#11612283 v1

102.   Denies the allegations contained in paragraph 102 of the SAC, and respectfully refers the Court to the press release issued by Par on or about October 24, 2002 for a complete statement of its contents and context.

103.   Denies the allegations contained in paragraph 103 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended September 30, 2002 for a complete statement of its contents and context.

104.   Denies the allegations contained in paragraph 104 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended September 30, 2002 for a complete statement of its contents and context.

105.   Denies the allegations contained in paragraph 105 of the SAC, and respectfully refers the Court to the press release issued by Par on or about February 27, 2003 for a complete statement of its contents and context.

106.   Denies the allegations contained in paragraph 106 of the SAC, and respectfully refers the Court to the 10-K filed by Par for the year ended December 31, 2002 for a complete statement of its contents and context.

107.   Denies the allegations contained in paragraph 107 of the SAC.

108.   Denies the allegations contained in paragraph 108 of the SAC, and respectfully refers the Court to the press release issued by Par on or about April 23, 2003 for a complete statement of its contents and context.

#11612283 v1

109.   Denies the allegations contained in paragraph 109 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended March 30, 2003 for a complete statement of its contents and context.

110.   Denies the allegations contained in paragraph 110 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended March 30, 2003 for a complete statement of its contents and context.

111.   Denies the allegations contained in paragraph 111 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended March 30, 2003 for a complete statement of its contents and context.

112.   Denies the allegations contained in paragraph 112 of the SAC, and respectfully refers the Court to the press release issued by Par on or about July 24, 2003 for a complete statement of its contents and context.

113.   Denies the allegations contained in paragraph 113 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended June 29, 2003 for a complete statement of its contents and context.

114.   Denies the allegations contained in paragraph 114 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended June 29, 2003 for a complete statement of its contents and context.

#11612283 v1

115.   Denies the allegations contained in paragraph 115 of the SAC, and respectfully refers the Court to the press release issued by Par on or about October 23, 2003 for a complete statement of its contents and context.

116.   Denies the allegations contained in paragraph 116 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended September 28, 2003 for a complete statement of its contents and context.

117.   Denies the allegations contained in paragraph 117 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended September 28, 2003 for a complete statement of its contents and context.

118.   Denies the allegations contained in paragraph 118 of the SAC, and respectfully refers the Court to the press release issued by Par on or about February 26, 2006 for a complete statement of its contents and context.

119.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the SAC.

120.   Denies the allegations contained in paragraph 120 of the SAC, and respectfully refers the Court to the 10-K filed by Par for the year ended December 31, 2003 for a complete statement of its contents and context.

121.   Denies the allegations contained in paragraph 121 of the SAC, and respectfully refers the Court to the 10-K filed by Par for the year ended December 31, 2003 for a complete statement of its contents and context.

#11612283 v1

122.    Denies the allegations contained in paragraph 122 of the SAC.

123.    Denies the allegations contained in paragraph 123 of the SAC, and respectfully refers the Court to the press release issued by Par on or about April 29, 2004, for a complete statement of its contents and context.

124.    Denies the allegations contained in paragraph 124 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended April 4, 2004 for a complete statement of its contents and context.

125.    Denies the allegations contained in paragraph 125 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended April 4, 2004 for a complete statement of its contents and context.

126.    Denies the allegations contained in paragraph 126 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended April 4, 2004 for a complete statement of its contents and context.

127.    Denies the allegations contained in paragraph 127 of the SAC, and respectfully refers the Court to the press release issued by Par on or about June 28, 2004 for a complete statement of its contents and context.

128.    Denies the allegations contained in paragraph 128 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended July 4, 2004 for a complete statement of its contents and context.

129.   Denies the allegations contained in paragraph 129 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended July 4, 2004 for a complete statement of its contents and context.

130.   Denies the allegations contained in paragraph 130 of the SAC, and respectfully refers the Court to the press release issued by Par on or about October 28, 2004 for a complete statement of its contents and context.

131.   Denies the allegations contained in paragraph 131 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended October 3, 2004 for a complete statement of its contents and context.

132.   Denies the allegations contained in paragraph 132 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended October 3, 2004 for a complete statement of its contents and context.

133.   Denies the allegations contained in paragraph 133 of the SAC, and respectfully refers the Court to the press release issued by Par on or about February 24, 2005 for a complete statement of its contents and context.

134.   Denies the allegations contained in paragraph 134 of the SAC, and respectfully refers the Court to the 10-K filed by Par for the year ended December 31, 2004 for a complete statement of its contents and context.

135.   Denies the allegations contained in paragraph 135 of the SAC.

136.    Denies the allegations contained in paragraph 136 of the SAC, and respectfully refers the Court to the press release issued by Par on or about April 28, 2005 for a complete statement of its contents and context.

137.    Denies the allegations contained in paragraph 137 of the SAC, and respectfully refers the Court to the Form 10-Q filed by Par for the quarter ended April 3, 2005 for a complete statement of its contents and context.

138.    Denies the allegations contained in paragraph 138 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended April 3, 2005 for a complete statement of its contents and context.

139.    Denies the allegations contained in paragraph 139 of the SAC, and respectfully refers the Court to the press release issued by Par on or about July 28, 2005 for a complete statement of its contents and context.

140.    Denies the allegations contained in paragraph 140 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended July 3, 2005 for a complete statement of its contents and context.

141.    Denies the allegations contained in paragraph 141 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended July 3, 2005 for a complete statement of its contents and context.

142.    Denies the allegations contained in paragraph 142 of the SAC, and respectfully refers the Court to the press release issued by Par on or about October 27, 2005 for a complete statement of its contents and context.

143.    Denies the allegations contained in paragraph 143 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended October 2, 2005 for a complete statement of its contents and context.

144.    Denies the allegations contained in paragraph 144 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended October 2, 2005 for a complete statement of its contents and context.

145.    Denies the allegations contained in paragraph 145 of the SAC, and respectfully refers the Court to the press release issued by Par on or about February 28, 2006 for a complete statement of its contents and context.

146.    Denies the allegations contained in paragraph 146 of the SAC, and respectfully refers the Court to the 10-K filed by Par for the year ended December 31, 2005 for a complete statement of its contents and context.

147.    Denies the allegations contained in paragraph 147 of the SAC, and respectfully refers the Court to the 10-K filed by Par for the year ended December 31, 2005 for a complete statement of its contents and context.

148.    Denies the allegations contained in paragraph 148 of the SAC.

#11612283 v1

149.   Denies the allegations contained in paragraph 149 of the SAC, and respectfully refers the Court to the press release issued by Par on or about May 1, 2006 for a complete statement of its contents and context.

150.   Denies the allegations contained in paragraph 150 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended April 2, 2006 for a complete statement of its contents and context.

151.   Denies the allegations contained in paragraph 151 of the SAC, and respectfully refers the Court to the 10-Q filed by Par for the quarter ended April 2, 2006 for a complete statement of its contents and context.

152.   Denies the allegations contained in paragraph 152 of the SAC.

THE TRUTH EMERGES

153.   Denies the allegations contained in paragraph 153 of the SAC, and respectfully refers the Court to the press release issued by Par on or about July 5, 2006 for a complete statement of its contents and context.

154.   Denies the allegations contained in paragraph 154 of the SAC, and refers the Court to the publically available and published quotations for the price and volume of Par's common stock on or after July 5, 2006.

155.   Admits the allegations contained in paragraph 155 in the SAC.

#11612283 v1

156.   Denies the allegations contained in paragraph 156 of the SAC, and respectfully refers the Court to the press release issued by Par on or about September 26, 2006 for a complete statement of its contents and context.

157.   Denies the allegations contained in paragraph 157 of the SAC, and respectfully refers the Court to the press release issued by Par on or about December 14, 2006 for a complete statement of its contents and context.

158.   Denies the allegations contained in paragraph 158 of the SAC, and respectfully refers the Court to the Form 10-K/A for year ended December 31, 2005 and, amended Form 10-Q/A for the first quarter of 2006 for a complete statement of their contents and context.

159.   Denies the allegations contained in paragraph 159 of the SAC.

160.   Denies the allegations contained in paragraph 160 of the SAC.

161.   Denies the allegations contained in paragraph 161 of the SAC.

<u>PAR'S VIOLATION OF GAAP</u>

162.   Denies the allegations contained in paragraph 162 of the SAC.  To the extent that paragraph 162 purports to quote section 13 of the Exchange Act, Defendant Tarriff respectfully refers the Court to that section and the rules and case law defining it.

163.   Denies the allegations contained in paragraph 163 of the SAC.  To the extent that paragraph 163 purports to state accounting principles, Defendant Tarriff respectfully refers the Court to those principles for a complete statement thereof.

164.   Denies the allegations contained in paragraph 164 of the SAC.

## PAR'S IMPROPER RECOGNITION OF
## REVENUE VIOLATED GAAP

165.   Denies the allegations contained in paragraph 165 of the SAC.  To the extent that paragraph 165 purports to state accounting principles, Defendant Tarriff respectfully refers the Court to those principles for a complete statement thereof.

166.   Denies the allegations contained in paragraph 166 of the SAC, and respectfully refers the Court to the 10-K reports for the years 2003, 2004 and 2005 for a complete statement of their contents.

167.   Denies the allegations contained in paragraph 167 of the SAC.

168.   Denies the allegations contained in paragraph 168 of the SAC.

169.   Denies the allegations contained in paragraph 169 of the SAC.  To the extent that paragraph 169 purports to state accounting principles, Defendant Tarriff respectfully refers the Court to those principles for a complete statement thereof.

170.   Denies the allegations contained in paragraph 170 of the SAC.  To the extent that paragraph 170 purports to state accounting principles, Defendant Tarriff respectfully refers the Court to those principles for a complete statement thereof.

#11612283 v1

171.   Denies the allegations contained in paragraph 171 of the SAC, and respectfully refers the Court to Par's Amended 2005 10-K for a complete statement of its contents.

172.   Denies the allegations contained in paragraph 172 of the SAC.

<strong>PAR'S IMPROPER MANIPULATION OF ACCOUNTING<br>RESERVES DURING THE CLASS PERIOD</strong>

173.   Denies the allegations contained in paragraph 173 of the SAC.

174.   Denies the allegations contained in paragraph 174 of the SAC.  To the extent that paragraph 174 purports to state accounting principles, Defendant Tarriff respectfully refers the Court to those principles for a complete statement thereof.

175.   Denies the allegations contained in paragraph 175 of the SAC.  To the extent that paragraph 175 purports to state accounting principles, Defendant Tarriff respectfully refers the Court to those principles for a complete statement thereof.

176.   Denies the allegations contained in paragraph 176 of the SAC.

<strong>PAR'S OTHER VIOLATIONS OF GAAP</strong>

177.   Denies the allegations contained in paragraph 177 of the SAC.

178.   Denies the allegations contained in paragraph 178 of the SAC.

<strong>PAR'S FALSE AND MISLEADING REPORTING ON<br>AND CERTIFICATIONS OF DISCLOSURE AND INTERNAL CONTROLS</strong>

179.   Denies the allegations contained in paragraph 179, except denies knowledge or information sufficient to form a belief as to the truth of the motives

attributed to Congress and the S.E.C.  To the extent paragraph 179 references law, Defendant Tarriff respectfully refers the Court to those laws for complete statements thereof.

180.   Denies the allegations contained in paragraph 180, and respectfully refers the Court to the public filings referenced in that paragraph for their complete content and text.

181.   Denies the allegations contained in paragraph 181 of the SAC.

182.   Denies the allegations of paragraph 182, and respectfully refers the Court to the public filings referenced for their complete content and text.

183.   Denies the allegations of paragraph 183, and respectfully refers the Court to the referenced public filing for their complete content and text.

184.   Denies the allegations contained in paragraph 184 of the SAC.

<u>ADDITIONAL SCIENTER ALLEGATIONS</u>

185.   Denies the allegations contained in paragraph 185 of the SAC.

186.   Denies the allegations contained in paragraph 186 of the SAC.

187.   Denies the allegations contained in paragraph 187 of the SAC.

188.   Denies the allegations contained in paragraph 188 of the SAC.

189.   Denies the allegations contained in paragraph 189 of the SAC.

190.   Denies the allegations contained in paragraph 190 of the SAC.

191.   Denies the allegations contained in paragraph 191 of the SAC.

APPLICABILITY OF PRESUMPTION OF RELIANCE:
FRAUD ON THE MARKET DOCTRINE

192.    Denies the allegations contained in paragraph 192 of the SAC, except admits Par filed periodic reports with the S.E.C. and the NYSE, issued press releases, and was followed by certain analysts.

193.    Denies the allegations contained in paragraph 193 of the SAC.

LOSS CAUSATION/ECONOMIC LOSS

194.    Denies the allegations contained in paragraph 194 of the SAC.

195.    Denies the allegations contained in paragraph 195 of the SAC.

196.    Denies the allegations contained in paragraph 196 of the SAC.

197.    Denies the allegations contained in paragraph 197 of the SAC.

198.    Denies the allegations contained in paragraph 198 of the SAC.

199.    Denies the allegations contained in paragraph 199 of the SAC and respectfully refers the Court to the publically available and published quotations of Par's stock price and volume.

200.    Denies the allegations contained in paragraph 200 of the SAC.

NO SAFE HARBOR

201.    Denies the allegations contained in paragraph 201 of the SAC.

COUNT I

202.    Defendant repeats and realleges his answers to each of the allegations referred to in paragraphs 1 to 202 of the SAC, as if set forth in their entirety.

203.    Denies the allegations contained in paragraph 203 of the SAC.

204.    Denies the allegations contained in paragraph 204 of the SAC.

205.    Denies the allegations contained in paragraph 205 of the SAC.

206.    Denies the allegations contained in paragraph 206 of the SAC.

## COUNT II

207.    Defendant repeats and realleges his answers to each of the allegations referred to in paragraphs 1 to 207 of the SAC as if set forth in their entirety.

208.    Denies the allegations contained in paragraph 208 of the SAC.

WHEREFORE, Defendant Tarriff demands judgment dismissing the Second Amended Consolidated Class Action Complaint together with an award of cost, disbursements, and attorney fees in their favor, together with such other relief as the Court may deem just and proper.

## JURY DEMAND

Defendant Tarriff demands a jury trial.


Dated: October 30, 2009

-31-

**PEPPER HAMILTON, LLP**

By: _____/s/_____
Frank C. Razzano (FCR 8820)
Admitted in N.J.
600 14th Street, NW, Suite 500
Washington, DC 20005
Telephone:  (202) 220-1286
Facsimile:  (202) 220-1665
Razzanof@pepperlaw.com

*Attorneys for Defendant Scott Tarriff*

## CERTIFICATE OF SERVICE

I, Frank C. Razzano, hereby certifies as follows:

1.      I am a partner with the firm of Pepper Hamilton LLP.

2.      On October 30, 2009, the following document was electronically filed with Courts' ECF system and served electronically on all registered users:

Answer of Defendant Scott Tarriff to Second Amended Complaint

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**PEPPER HAMILTON, LLP**

By: _____/s/_____
Frank C. Razzano (FCR 8820)
Admitted in N.J.
600 14th Street, NW, Suite 500
Washington, DC 20005
Telephone:  (202) 220-1286
Facsimile:  (202) 220-1665
Razzanof@pepperlaw.com

*Attorneys for Defendant Scott Tarriff*