# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: PAR PHARMACEUTICAL SECURITIES LITIGATION<br><br>———————————————————<br><br>This Document Relates To:<br>ALL ACTIONS. | **Master File No:**<br>**2:06-cv-03226 (PGS - ES)**<br><br>**CLASS ACTION**<br>**ANSWER OF DEFENDANTS PAR PHARMACEUTICAL COMPANIES, INC. AND DENNIS O'CONNOR TO SECOND AMENDED CONSOLIDATED COMPLAINT** |

Defendants Par Pharmaceutical Companies, Inc. ("Par") and Dennis O'Connor ("O'Connor") (Par and O'Connor collectively are "Defendants") by their attorneys, Greenberg Traurig LLP, for their answer to the Second Consolidated Amended Complaint ("SAC") of Lead Plaintiffs Snow Capital Investment Partners and WR Capital Management, LP (collectively "Plaintiffs") allege as follows:

The SAC includes a table of contents, headings, and an introductory paragraph, each of which contain conclusions of fact suggestive of wrongdoing which Defendants deny, except Defendants deny having knowledge or information sufficient to form a belief as to what information Plaintiffs' allegations are based upon, and specifically deny that Plaintiffs had a good faith basis for their allegations to the extent based on certain "confidential informants."

## NATURE OF THE ACTION

1.      Paragraph 1 of the SAC is a self serving characterization of Plaintiffs' purposes to which no answer is required and as to which defendants reserve all objections.

2.      Deny the allegations contained in paragraph 2 of the SAC except admit that on July 5, 2006 Par announced that it would restate its financial results for certain prior reporting periods.

3.      Deny the allegations contained in paragraph 3 of the SAC.

4.      Deny the allegations contained in paragraph 4 of the SAC except admit that on July 5, 2006 Par issued a press release announcing a restatement of financial results for certain prior periods (the "Press Release") and respectfully refer the Court to said press release for a complete statement of its contents and context.

5.      Deny the allegations contained in paragraph 5 of the SAC and refer the Court to the publicly available and published quotations for the price and volume of Par's common stock on or after July 5, 2006.

6.      Admit the allegations contained in paragraph 6 of the SAC and state that although the Securities & Exchange Commission ("SEC") commenced an investigation it took no enforcement action against the Defendants.

7.      Admit the allegations contained in paragraph 7 of the SAC.

8.    Deny the allegations contained in paragraph 8 of the SAC except admit that on December 14, 2006 Par made certain announcements including that its restatement would include periods prior to 2004 and could reflect a cumulative restatement of revenue over all periods of $84 million, and respectfully refer the Court to Par's December 14, 2006 announcement for a complete statement of its content and context.

9.    Deny the allegations contained in paragraph 9 of the SAC except admit on March 13, 2007 and July 10, 2007 Par filed certain amendments to previously filed annual and quarterly SEC filings and respectfully refer the Court to said amendments for a complete statement of their contents.

10.    Deny the allegations contained in paragraph 10 of the SAC except admit that certain Par executives, including O'Connor, sold certain of their holdings of Par stock, and that Par registered shares of stock acquired  by certain institutional investors in a private placement, and that Par issued certain debt securities to the public but deny that the acquisition of either the privately placed securities or the convertible debt are a proper subject of this action.

## JURISDICTION AND VENUE

11.    Paragraph 11 of the SAC is a self serving characterization of Plaintiffs' purposes to which no answer is required and as to which defendants reserve all objections.

12.    Admit the allegations contained in paragraph 12 of the SAC.

13.    Admit the allegations contained in paragraph 13 of the SAC.

14.    Deny the allegations contained in paragraph 14 of the SAC except admit that Par filed certain documents with the SEC, and communicated with shareholders and the public by use, inter alia, of the means and instrumentalities of interstate commerce.

## PARTIES

15.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the SAC except admit that the Court issued an order on November 15, 2006, the contents of which speak for itself.

16.    Admit the allegations contained in paragraph 16 of the SAC.

17.    (a)    Admit the allegations contained in paragraph 17(a) of the SAC and state that by reason of the Court's order entered September 30, 2009, Kenneth Sawyer is no longer a defendant in this action.

17.    (b)    Deny the allegations contained in paragraph 17(b) of the SAC except admit that between September 2003 and September 2006 Scott Tarriff served as Par's President and Chief Executive Officer.

17.   (c)   Deny the allegations contained in paragraph 17(c) of the SAC except admit that Dennis J. O'Conner was Par's Vice President and Chief Financial Officer from 1996 until his resignation in March 2006.

17.   (d)   No response is required to subparagraph 17(d) and no response to any allegation is required by Mr. Sawyer who no longer is a party to this action.

18.   Deny the allegations contained in paragraph 18 of the SAC except admit that during his employment by Par O'Connor had access to some confidential and proprietary information.

19.   Deny the allegations contained in paragraph 19 of the SAC.

20.   Deny the allegations contained in paragraph 20 of the SAC.

21.   Deny the allegations contained in paragraph 21 of the SAC.

22.   Deny the allegations contained in paragraph 22 of the SAC.

23.   Deny the allegations contained in paragraph 23 of the SAC.

PLAINTIFFS' CLASS ACTION ALLEGATIONS

24.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the SAC.

25.   Deny the allegations contained in paragraph 25 of the SAC.

26.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the SAC.

27.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the SAC.

28.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the SAC.

29.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the SAC.

SUBSTANTIVE ALLEGATIONS
THE COMPANY AND ITS BUSINESS

30.     Admit the allegations contained in paragraph 30 of the SAC.

31.     Deny the allegations contained in paragraph 31 of the SAC except admit that as reported in Par's regular filings with the SEC, a substantial portion of Par's sales were made to a small number of customers including but not limited to Cardinal, McKesson Drug Co., Amerisource Bergen Corporation.

32.     Deny the allegations contained in paragraph 32 of the SAC except Defendants admit that Par reported that its financial statements were prepared in accordance with Generally Accepted Accounting Principles, and Par further admits, but O'Connor denies having knowledge or information to form a belief, that for certain periods material errors in reporting occurred that when subsequently discovered resulted in a restatement of financial results in certain of those prior periods.

33.     Deny the allegations contained in paragraph 33 of the SAC except admit that (i) in July 2006 Par announced that it had discovered certain prior period accounting errors and cautioned against reliance on those reports, and (ii) in March 2007 Par filed an Amended 10-K for the year ended December 31, 2005, and Defendants respectfully refer the Court to said announcement and amended 10-K for a complete statement of their content and context.

34.     Deny the allegations contained in paragraph 34 of the SAC.

35.     Deny the allegations contained in paragraph 35 of the SAC, and respectfully refer the Court to the July 5, 2006 press release for a complete statement of its content and context.

36.     Deny the allegations contained in paragraph 36 of the SAC except admit that Par's stock price declined after the announcement and subsequently increased.

37.     Deny the allegations contained in paragraph 37 of the SAC except Par admits, but O'Connor denies having knowledge or information of the circumstances, that Par identified and announced more than one accounting error and respectfully refer the Court to its December 14, 2006 press release for a complete statement of its contents and context.

38.     Deny the allegations contained in paragraph 38 of the SAC because Defendants do not accept the characterizations and excerptions by Plaintiffs and

respectfully refer the Court to Par's Amended 10-K for the year ended December 31, 2005 ("Amended 2005 10-K") for a complete statement of its contents and context.

39.    Deny the allegations contained in paragraph 39 of the SAC except admit that Par has restated certain of its financial statements and has cautioned that interim financial reports within the restated period should not be relied upon.

40.    Deny the allegations contained in paragraph 40 of the SAC except admit that Par has restated its year end financial statements for 2003, 2004 and 2005, and Par respectfully refers the Court to the Amended 2005 10-K for said restatement of which O'Connor denies having knowledge or information.

41.    Deny the allegations contained in paragraph 41 of the SAC except admit that Par has restated its year end financial statements for 2003, 2004 and 2005, and Par respectfully refers the Court to the Amended 2005 10-K for said restatement of which O'Connor denies having knowledge or information.

42.    Deny the allegations contained in paragraph 42 of the SAC except admit that Par has restated its year end financial statements for 2003, 2004 and 2005, and Par respectfully refers the Court to the Amended 2005 10-K for said restatement of which O'Connor denies having knowledge or information.

43.    Deny the allegations contained in paragraph 43 of the SAC.

44.    Deny the allegations contained in paragraph 44 of the SAC except admit that Par's Audit Committee hired independent counsel to conduct an internal investigation who concluded that there was no wrongdoing.

45.    Deny the allegations contained in paragraph 45 of the SAC.

46.    Deny the allegations contained in paragraph 46 of the SAC except admit that the Audit Committee concluded that the financial misstatements were inadvertent.

PAR'S OVERSTATEMENT OF EARNINGS
DURING THE CLASS PERIOD WAS NOT INADVERTENT

47.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the SAC except expressly deny the bullet point allegations.

LEAD PLAINTIFFS' INVESTIGATION
REVEALS MANIPULATION OF PAR'S REPORTED
REVENUES AND ACCOUNTS RECEIVABLE RESERVE

48.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the SAC.

49.    Deny the allegations contained in paragraph 49 of the SAC except admit that as sales revenue significantly increased Par sought to improve its systems including how it tracked sales.

50.    Deny the allegations contained in paragraph 50 of the SAC except admit that Par sought to develop a GTN application that was not ready for implementation at any time during the alleged class period.

51.    Deny the allegations contained in paragraph 51 of the SAC.

52.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the SAC.

53.    Deny the allegations contained in paragraph 53 of the SAC except admit that in December 2004 Par continued to track sales and adjustments and credits with, among other things, an Excel program, and further admit that certain customers had the ability to communicate information to Par about orders electronically.

54.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the SAC.

55.    Deny the allegations contained in paragraph 55 of the SAC except admit that price protection adjustments were done manually at the end of a period, and that Mr. Schott reported to Mr. O'Connor.

56.    Deny the allegations contained in paragraph 56 of the SAC.

57.    Deny the allegations contained in paragraph 57 of the SAC.

58.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the SAC.

59.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the SAC except admit that the employment of the person whom Par believes to be CI 2 was terminated in December 2004 for unsatisfactory performance.

60.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the SAC except admits that allegations based upon CI 2 are speculation and not made with any good faith reasonable basis.

61.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the SAC except admit in December 2004 the "GTN" was not functionally operational or reliable and could not be implemented.

62.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the SAC.

DEFENDANTS' KNOWING FAILURE TO
WRITE-OFF OBSOLETE INVENTORY

63.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the SAC.

64.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the SAC except admit

that in an effort to improve its systems Par sought to implement certain J. D. Edwards systems and software applications.

65.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the SAC except admit that a large number of people participated in the implementation of JDE enterprise, including outside consultants.

66.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the SAC except admit that there were difficulties implementing the J. D. Edwards conversion.

67.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the SAC.

68.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the SAC.

69.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the SAC except admit that Par endeavored to have sufficient inventory to meet anticipated demand.

70.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the SAC.

71.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the SAC except admit

that Par endeavored to track finished goods in connection with, *inter alia*, applicable expiration dates.

72.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the SAC except admit that Par endeavored to track finished goods in connection with, *inter alia*, applicable expiration dates.

73.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the SAC.

74.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the SAC except deny that Defendants were aware that inventory was not properly accounted for in Par's financial statements.

75.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the SAC except admit that Par sold the generic product Buspirone and that its launch was delayed, and that delays were incurred in connection with packet inserts for the product Ribavirin.

76.    Deny the allegations of paragraph 76 of the SAC, except admit that on occasion Tariff received inventory reports.

77.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the SAC.

78.     Deny the allegations contained in paragraph 78 of the SAC except Par admits, but O'Connor denies having knowledge or information sufficient to form a belief, that a portion of Par's restatement of certain of its financial statements pertained to corrections of inventory valuations, and respectfully refer the Court to the restatement as contained in the Amended 2005 10-K for a complete statement of its contents and context.

79.     Deny the allegations contained in paragraph 79 of the SAC except Par admits, but O'Connor denies having knowledge or information sufficient to form a belief, that a portion of Par's restatement of certain of its financial statements pertain to issues of account receivable reserves, and respectfully refer the Court to Par's Amended 2005 10-K for a complete statement of the reasons, terms, and context of the restatement.

80.     Deny the allegations contained in paragraph 80 of the SAC.

MATERIALLY FALSE AND MISLEADING
STATEMENTS ISSUED DURING THE CLASS PERIOD

81.     Deny the allegations contained in paragraph 81 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about July 23, 2001, to which, upon its production

by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

82.    Deny the allegations contained in paragraph 82 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended June 30, 2001, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

83.    Deny the allegations contained in paragraph 83 of the SAC.

84.    Deny the allegations contained in paragraph 84 of the SAC except admit that Merck KGaA and certain of its affiliates ("Merck") sold approximately 13,634,012 shares of Par common stock in a private placement which was accompanied by an S-3 registration statement filed by Par and amended on September 5, 2001 which registration statement was signed by, among others, Kenneth Sawyer and Dennis O'Connor.

85.    Deny the allegations contained in paragraph 85 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-K filed by Par for year ended December 31, 2000, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

86.    Deny the allegations contained in paragraph 86 of the SAC.

87.    Deny the allegations contained in paragraph 87 of the SAC which allegations appear to do no more than reference and excerpt information from a

press release issued by Par on or about October 25, 2001, to which upon, its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

88.     Deny the allegations contained in paragraph 88 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par on or about November 13, 2001, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

89.     Deny the allegations contained in paragraph 89 of the SAC.

90.     Deny the allegations contained in paragraph 90 of the SAC except admit that Par filed a shelf registration on or about January 25, 2002.

91.     Deny the allegations contained in paragraph 91 of the SAC except admit that in response to certain SEC comments in 2001 Par restated certain financial information for 1999 and 2000.

92.     Deny the allegations contained in paragraph 92 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about April 1, 2002, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

93.     Deny the allegations contained in paragraph 93 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-

K filed by Par for year ended December 31, 2001, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

94.     Deny the allegations contained in paragraph 94 of the SAC.

95.     Deny the allegations contained in paragraph 95 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about April 25, 2002, to which upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

96.     Deny the allegations contained in paragraph 96 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended March 31, 2002, to which by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

97.     Deny the allegations contained in paragraph 97 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended March 31, 2002, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

98.     Deny the allegations contained in paragraph 98 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about July 25, 2002, to which, upon its production

by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

99.    Deny the allegations contained in paragraph 99 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended June 30, 2002, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

100.  Deny the allegations contained in paragraph 100 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended June 30, 2002, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

101.  Deny the allegations contained in paragraph 101 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended June 30, 2002, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

102.  Deny the allegations contained in paragraph 102 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about October 24, 2002, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

103.   Deny the allegations contained in paragraph 103 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended September 30, 2002, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

104.   Deny the allegations contained in paragraph 104 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended September 30, 2002, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

105.   Deny the allegations contained in paragraph 105 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about February 27, 2003, to which upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

106.   Deny the allegations contained in paragraph 106 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-K filed by Par for year ended December 31, 2002, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

107.   Deny the allegations contained in paragraph 107 of the SAC.

108.   Deny the allegations contained in paragraph 108 of the SAC which allegations appear to do no more than reference and excerpt information from a

press release issued by Par on or about April 23, 2003, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

109.   Deny the allegations contained in paragraph 109 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended March 30, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

110.   Deny the allegations contained in paragraph 110 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended March 30, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

111.   Deny the allegations contained in paragraph 111 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended March 30, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

112.   Deny the allegations contained in paragraph 112 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about July 24, 2003, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

113.   Deny the allegations contained in paragraph 113 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended June 29, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

114.   Deny the allegations contained in paragraph 114 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended June 29, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

115.   Deny the allegations contained in paragraph 115 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about October 23, 2003, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

116.   Deny the allegations contained in paragraph 116 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended September 28, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

117.   Deny the allegations contained in paragraph 117 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-

Q filed by Par for quarter ended September 28, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

118.    Deny the allegations contained in paragraph 118 of the SAC which allegations appear to do no more than reference and excerpt information from an alleged press release issued by Par on or about February 26, 2004, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

119.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the SAC.

120.    Deny the allegations contained in paragraph 120 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-K filed by Par for year ended December 31, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

121.    Deny the allegations contained in paragraph 121 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-K filed by Par for year ended December 31, 2003, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

122.    Deny the allegations contained in paragraph 122 of the SAC.

123.    Deny the allegations contained in paragraph 123 of the SAC which allegations appear to do no more than reference and excerpt information from a

press release issued by Par on or about April 29, 2004, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

124.  Deny the allegations contained in paragraph 124 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended April 4, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

125.  Deny the allegations contained in paragraph 125 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for quarter ended April 4, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

126.  Deny the allegations contained in paragraph 126 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended April 4, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

127.  Deny the allegations contained in paragraph 127 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about July 28, 2004, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

128.   Deny the allegations contained in paragraph 128 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended July 4, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

129.   Deny the allegations contained in paragraph 129 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended July 4, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

130.   Deny the allegations contained in paragraph 130 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about October 28, 2004, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

131.   Deny the allegations contained in paragraph 131 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended October 3, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

132.   Deny the allegations contained in paragraph 132 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-

Q filed by Par for the quarter ended October 3, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

133.    Deny the allegations contained in paragraph 133 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about February 24, 2005, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

134.    Deny the allegations contained in paragraph 134 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-K filed by Par for the year ended December 31, 2004, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

135.    Deny the allegations contained in paragraph 135 of the SAC.

136.    Deny the allegations contained in paragraph 136 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about April 28, 2005, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

137.    Deny the allegations contained in paragraph 137 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-

Q filed by Par for the quarter ended April 3, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

138.   Deny the allegations contained in paragraph 138 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended April 3, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

139.   Deny the allegations contained in paragraph 139 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about July 28, 2005, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

140.   Deny the allegations contained in paragraph 140 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended July 3, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

141.   Deny the allegations contained in paragraph 141 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended July 3, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

142.  Deny the allegations contained in paragraph 142 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about October 27, 2005, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

143.  Deny the allegations contained in paragraph 143 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended October 2, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

144.  Deny the allegations contained in paragraph 144 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended October 2, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

145.  Deny the allegations contained in paragraph 145 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about February 28, 2006, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

146.  Deny the allegations contained in paragraph 146 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-

K filed by Par for the year ended December 31, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

147.   Deny the allegations contained in paragraph 147 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-K filed by Par for the year ended December 31, 2005, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

148.   Deny the allegations contained in paragraph 148 of the SAC.

149.   Deny the allegations contained in paragraph 149 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about May 1, 2006, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

150.   Deny the allegations contained in paragraph 150 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended April 2, 2006, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

151.   Deny the allegations contained in paragraph 151 of the SAC which allegations appear to do no more than reference and excerpt information from a 10-Q filed by Par for the quarter ended April 2, 2006, to which the Defendants respectfully refer the Court for a complete statement of its contents and context.

152.   Deny the allegations contained in paragraph 152 of the SAC.

## THE TRUTH EMERGES

153.   Deny the allegations contained in paragraph 153 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about July 5, 2006, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

154.   Deny the allegations contained in paragraph 154 of the SAC and refer the Court to the publicly available and published quotations for the price and volume of Par's common stock on or after July 5, 2006.

155.   Admit the allegations contained in paragraph 155 in the SAC.

156.   Deny the allegations contained in paragraph 156 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about September 26, 2006, to which, upon its production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

157.   Deny the allegations contained in paragraph 157 of the SAC which allegations appear to do no more than reference and excerpt information from a press release issued by Par on or about December 14, 2006, to which, upon its

production by Plaintiffs, the Defendants respectfully refer the Court for a complete statement of its contents and context.

158.   Deny the allegations contained in paragraph 158 of the SAC except Par admits, but O'Connor denies having knowledge or information sufficient to form a belief, that on March 13, 2007 Par filed an amended Form 10-K/A for year ended December 31, 2005 and on July 10, 2007 Par filed an amended Form 10-Q/A for the first quarter of 2006.

159.   Deny the allegations contained in paragraph 159 of the SAC.

160.   Deny the allegations contained in paragraph 160 of the SAC.

161.   Deny the allegations contained in paragraph 161 of the SAC.

162.   Paragraph 162 of the SAC purports to make statements of law to which no answer is required, and nevertheless deny all allegations of fact or wrongdoing.

163.   Paragraph 163 of the SAC purports to state characterizations of accounting principles to which no response is required, and nevertheless deny all allegations of fact or wrongdoing, and respectfully refer the Court to those accounting principles for a complete statement thereof.

164.   Deny the allegations contained in paragraph 164 of the SAC except admit that Par filed a restatement of its financial results for certain prior periods.

PAR'S IMPROPER RECOGNITION OF
REVENUE VIOLATED GAAP

165.  Paragraph 165 of the SAC purports to state characterizations of accounting principles to which no response is required, and nevertheless deny all allegations of fact or wrongdoing, and respectfully refer the Court to those accounting principles for a complete statement thereof.

166.  Deny the allegations contained in paragraph 166 of the SAC and respectfully refer the Court to the 10-K reports for the years 2003, 2004 and 2005 for a complete statement of their contents.

167.  Deny the allegations contained in paragraph 167 of the SAC.

168.  Deny the allegations contained in paragraph 168 of the SAC.

169.  Paragraph 169 of the SAC purports to state characterizations of accounting principles to which no response is required, and nevertheless deny all allegations of fact or wrongdoing, and respectfully refer the Court to those accounting principles for a complete statement thereof.

170.  Paragraph 170 of the SAC purports to state characterizations of accounting principles to which no response is required, and nevertheless deny all allegations of fact or wrongdoing, and respectfully refer the Court to those accounting principles for a complete statement thereof.

171.  Deny the allegations contained in paragraph 171 of the SAC except Par admits, but O'Connor denies having knowledge or information sufficient to

form a belief, that Par determined that it was appropriate to restate certain of its prior financial statements and in its Amended 2005 10-K identified certain errors and refers the Court to said Amended 2005 10-K for a complete statement of its contents.

172.   Deny the allegations contained in paragraph 172 of the SAC.

### PAR'S IMPROPER MANIPULATION OF ACCOUNTING RESERVES DURING THE CLASS PERIOD

173.   Deny the allegations contained in paragraph 173 of the SAC.

174.   Paragraph 174 of the SAC purports to state characterizations of accounting principles to which no response is required, and nevertheless deny all allegations of fact or wrongdoing, and respectfully refer the Court to those accounting principles for a complete statement thereof.

175.   Paragraph 175 of the SAC purports to state characterizations of accounting principles to which no response is required, and nevertheless deny all allegations of fact or wrongdoing, and respectfully refer the Court to those accounting principles for a complete statement thereof.

176.   Deny the allegations contained in paragraph 176 of the SAC.

### PAR'S OTHER VIOLATIONS OF GAAP

177.   Deny the allegations contained in paragraph 177 of the SAC.

178.   Deny the allegations contained in paragraph 178 of the SAC.

PAR'S FALSE AND MISLEADING REPORTING ON
AND CERTIFICATIONS OF DISCLOSURE AND INTERNAL CONTROLS

179. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of the SAC.

180. This paragraph purports to excerpt portions from certain of Par's public filings and therefore no response is required other than to refer the Court to the entirety of each referenced public filing for its complete contents and context and further deny any adverse inference.

181. Deny the allegations contained in paragraph 181 of the SAC.

182. This paragraph purports to excerpt portions from certain of Par's public filings and therefore no response is required other than to refer the Court to the entirety of each referenced public filing for its complete contents and context and further deny any adverse inference and Defendant O'Connor denies having knowledge or information as to Par's statements subsequent to his resignation.

183. This paragraph purports to excerpt portions from certain of Par's public filings and therefore no response is required other than to refer the Court to the entirety of each referenced public filing for its complete contents and context and further deny any adverse inference and Defendant O'Connor denies having knowledge or information as to Par's statements subsequent to his resignation.

184. Deny the allegations contained in paragraph 184 of the SAC.

ADDITIONAL SCIENTER ALLEGATIONS

185.    Deny the allegations contained in paragraph 185 of the SAC.

186.    Deny the allegations contained in paragraph 186 of the SAC except deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding alleged sales of stock by Messrs. Auerbach (a non party), Gutman (a non party), Sawyer (a non party) and Tarriff (a co-defendant).

187.    Deny the allegations contained in paragraph 187 of the SAC as to Par and O'Connor and deny having knowledge or information sufficient to form a belief as to the truth of the allegations as to other persons referenced in the paragraph.

188.    Deny the allegations contained in paragraph 188 of the SAC.

189.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 of the SAC.

190.    Deny the allegations contained in paragraph 190 of the SAC.

191.    Deny the allegations contained in paragraph 191 of the SAC.

### APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

192.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of the SAC.

193.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 of the SAC.

## LOSS CAUSATION/ECONOMIC LOSS

194.   Deny the allegations contained in paragraph 194 of the SAC.

195.   Deny the allegations contained in paragraph 195 of the SAC.

196.   Deny the allegations contained in paragraph 196 of the SAC.

197.   Deny the allegations contained in paragraph 197 of the SAC.

198.   Deny the allegations contained in paragraph 198 of the SAC.

199.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 of the SAC.

200.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 of the SAC.

## NO SAFE HARBOR

201.   Deny the allegations contained in paragraph 201 of the SAC.

202.   Defendants repeat and reallege their answers to each of the allegations referred to in paragraph 202 of the SAC as if set forth in their entirety.

203.   Deny the allegations contained in paragraph 203 of the SAC.

204.   Deny the allegations contained in paragraph 204 of the SAC.

205.   Deny the allegations contained in paragraph 205 of the SAC.

206.   Deny the allegations contained in paragraph 206 of the SAC.

COUNT II

207.  Defendants repeat and reallege their answers to each of the allegations referred to in paragraph 207 of the SAC as if set forth in their entirety.

208.  Deny the allegations contained in paragraph 208 of the SAC.

WHEREFORE, Defendants Par Pharmaceutical Companies Inc. and Dennis O'Connor demand judgment dismissing the Second Amended Consolidated Class Action Complaint together with an award of cost, disbursements, and attorney fees in their favor, together with such other relief to Defendants as the Court may deem just and proper.

JURY DEMAND

Defendants Par Pharmaceutical Companies, Inc. and Dennis O'Connor demand a jury trial.

Dated: October 30, 2009

**GREENBERG TRAURIG, LLP**

By:_____/s/ Eric S. Aronson_____
     Richard A. Edlin
     Eric S. Aronson
     Ronald D. Lefton (admitted *pro hac vice*)
     Toby S. Soli (admitted *pro hac vice*)
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey 07932-0677
Telephone:  (973) 360-7900
Facsimile:  (973) 301-8410
     -and-

200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

edlinr@gtlaw.com
aronsone@gtlaw.com
leftonr@gtlaw.com
solit@gtlaw.com

*Attorneys for Defendants Par*
*Pharmaceutical Companies, Inc.,*
*and  Dennis J. O'Connor*