**LDG** ATTORNEYS AT LAW

**LITE DEPALMA GREENBERG, LLC**

Newark • Chicago

TWO GATEWAY CENTER, 12TH FLOOR
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

May 5, 2010

<u>**VIA ELECTRONICALLY FILED**</u>

The Honorable Peter G. Sheridan, U.S.D.J.
United States District Court for the
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

The Honorable Esther Salas, U.S.M.J.
United States District Court for the
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

Re:   *In re Par Pharmaceutical Securities Litigation*
      Master File No. 2:06-cv-03226-PGS-ES

Dear Judges Sheridan and Salas:

      This firm is Liaison Counsel for Lead Plaintiffs in the above-referenced securities fraud class action. We respectfully submit this letter in response to the May 5, 2010 letter from Eric Aronson, counsel for defendants Par Pharmaceutical Companies and Dennis J. O'Connor (the "Par Defendants").

      In his letter, Mr. Aronson references, as further support of the Par Defendants' motion to "stage" discovery, a summary order rendered by the Second Circuit Court of Appeals in *Campo v. Sears Holdings Corporation*. Notwithstanding the fact that the Par Defendants once again rely upon out-of-jurisdiction legal authority in support of their motion, the summary order is inapposite because, unlike here, the district court, in an earlier decision, perceived a need for discovery of the confidential witnesses referenced in the complaint in aid of deciding the motion to dismiss.[1] *See Campo v. Sears Holdings Corp.*, 635 F. Supp. 2d 323, 330 n.54 (S.D.N.Y. Jul. 21, 2009) (indicating that the judge who had earlier presided over the case "ordered defendants to depose those confidential witnesses in order to determine whether they supported the allegations in the Complaint and whether he should have granted defendants' motion to dismiss.").

---

[1] The summary order in *Campo* is also inapposite because it did not at all touch upon the issue of whether discovery should have occurred in "stages" – the sole issue posed on the pending motion. In any event, "[r]ulings by summary order" – even in the Second Circuit – "do not have precedential effect." *See* 2d Cir. R. 32.1.1(a).

236140 v1



The Honorable Peter G. Sheridan, U.S.D.J.
The Honorable Esther Salas, U.S.M.J.
Page 2
May 5, 2010

      By contrast, this Court *rejected* the need for discovery of the confidential witnesses in this case in aid of determining the motion to dismiss, holding instead that discovery should take place "in the normal course . . . ." *See In re Par Pharm. Secs. Litig.*, No. 06-cv-3226 (PGS), 2009 U.S. Dist. LEXIS 90602, at *34-37 (D.N.J. Sept. 30. 2009). Indeed, the Court expressly noted that the confidential witness whose declaration defendants submitted in support of such motion did not recant or correct any of the allegations of the complaint. *See id.* at *35. Accordingly, Lead Plaintiffs respectfully submit that discovery should take place in accordance with the schedule they proposed in the Joint Report, dated as of April 16, 2010.[2]

                                          Respectfully submitted,

                                          /s/ Joseph J. DePalma
                                          Joseph J. DePalma

JJD:KC:nd

---

[2] It is worth noting that the Par Defendants have already attempted to stage discovery, by, among other things, serving subpoenas on each of the individuals they believe are confidential witnesses. As we apprised Judge Salas in our May 3, 2010 letter, Lead Plaintiffs intend to move for a protective order to stop this inappropriate conduct.