UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re PAR PHARMACEUTICAL SECURITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Master File No. 2:06-cv-03226-ES-SCM |

## ORDER AND FINAL JUDGMENT

On this 2nd day of July, 2013, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement (the "Stipulation") [ECF No. 306-2] are fair, adequate, and reasonable for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties as defined in the Stipulation and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award counsel for Plaintiffs and the Class fees and reimbursement of expenses and a Compensatory Award to Lead Plaintiff. On July 23, 2012, this Court, pursuant to Rules 23(a) and (b)(3) certified a class consisting of: All persons who purchased Par Pharmaceutical Companies, Inc. ("Par") common stock, between July 23, 2001 through and including July 5,

2006, inclusive (the "Class Period"), except that the Class does not include the following persons or entities: (i) Defendants; (ii) members of the immediate family of Defendants; (iii) any entity in which any Defendant or immediate family member has or had a controlling interest; (iv) the former and current officers and directors of Par; and (v) the legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, or any other successors-in-interest of any such excluded party. No valid requests for exclusion have been received to date. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a Notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased common stock of Par during the Class Period, except those persons or entities excluded from the definition of the Class, and that a Publication Notice of the hearing substantially in the form approved by the Court was published over the *PR Newswire* and in *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested and the Compensatory Award to Lead Plaintiff; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

*This order vacates and supersedes the Order dated July 29, 2013 (D.E. No. 325).*

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all other Class Members, and the Defendants.

2. Pursuant to and in accordance with the requirements of Rule 23, the Settlement as set forth in the Stipulation is approved as fair, reasonable, and adequate, and in the best interests of the Class, and the Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

3. The distribution of the Notice of Pendency of Class Action and Proposed Settlement of Class Action, Settlement Fairness Hearing, and Motion For Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and publication of the Summary Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion For Attorneys' Fees and Reimbursement of Litigation Expenses (the "Publication Notice") constituted the best notice practicable under the circumstances to all Class Members, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law.

4. The Complaint is hereby dismissed with prejudice and without costs against the Defendants, their past or present subsidiaries, parents, affiliates, partners, successors, predecessors, officers, directors, shareholders, insurers, reinsurers, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, and any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest, or assigns of the Defendants.

5. Lead Plaintiff and the other members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any Released Claims against any of the Released Parties. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. The Defendants, the Released Parties, and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting,

either directly or in any other capacity, any Settled Defendants' Claims against Lead Plaintiff, Louisiana Municipal Police Employees' Retirement System, and other Class Members or their attorneys. The Released Claims are hereby compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7. In conformance with Section 21D(f)(7) of the Securities Exchange Act of 1934 and the common law of the U.S. Court of Appeals for the Third Circuit, this Final Judgment bars, enjoins, and restrains, in any and all jurisdictions, including any federal or state court, and any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, to the maximum extent permitted by law, the commencement, prosecution, or assertion of all claims, cross-claims, counterclaims, third-party claims, or actions that are based on or related to, in whole or in part, directly or indirectly, the Released Claims, whether arising under state, federal, or foreign law, claims for contribution, indemnification, or equitable indemnification against any Settling Defendant, or any released party or any successor or assign, related, directly or indirectly, to the facts of this action, by any person.

8. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a. offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been or could be asserted in the Action or in any litigation, or the deficiency of any

4

defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

  b. offered or received against the Defendants as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or the other members of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Class;

  c. offered or received against the Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

  d. construed against the Defendants or Lead Plaintiff and the other members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

  e. construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or the other members of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

  9. The Plan of Allocation is approved as fair and reasonable, and in the best interests of the Class, and Plaintiff's Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

10. Counsel for Lead Plaintiff and the other members of the Class is hereby awarded 30 % of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable, and $587,928.43 in reimbursement of expenses, which shall be paid to Plaintiff's Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiff's Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

11. Lead Plaintiff is hereby awarded a Compensatory Award of $18,000.00 in compensation for the time incurred by Lead Plaintiff in connection with this litigation for the benefit of the Class, which shall be paid to Lead Plaintiff from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns.

12. The Court finds that during the course of this Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

13. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

14. An appeal of the portion of this Order which awards attorneys' fees or expenses shall have no effect whatsoever on the finality of any other portion of this Order and Final

Judgment or the Effective Date of the Settlement as provided in the Stipulation. Class Members appealing this Order and Final Judgment, or any portion thereof, must first timely intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.

15. Without further order of the court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Fed. R. Civ. P.

The Clerk shall terminate D.E. Nos. 316-318.

**ENTERED** at Newark, New Jersey, this 30 day of July.

ESTHER SALAS
United States District Judge